UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO JOSEPH FLORES,<br><br>    Plaintiff,<br><br>    v.<br><br>MONIVIRIN SON, JEREMY MARTIN, AND THE AMADOR COUNTY SHERIFF'S DEPARTMENT,<br><br>    Defendants. | Case No. 2:22-cv-02077-KJM-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>ECF No. 8<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>(1) PROCEED ONLY WITH HIS FOURTEENTH AMENDMENT DELIBERATE INDIFFERENCE TO MEDICAL NEEDS CLAIM AGAINST DEFENDANT MONIVIRIN SON; OR<br><br>(2) FILE AN AMENDED COMPLAINT<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

   Plaintiff, who is being held in the Amador County Jail, brings this section 1983 case against a physician, Dr. Son, whom he alleges refused to give him a medication that was prescribed to him before being sent to the jail. ECF No. 1 at 3. He also alleges that defendant Martin, a captain at the jail, and the Amador County Sheriff's Department itself should be held

1

liable for failing to intervene and direct Dr. Son to provide the prescription. *Id.* at 3-5. The Fourteenth Amendment[1] claim against Dr. Son is cognizable. The claims against the other defendants are not. Plaintiff may either proceed only with his claims against Dr. Son or delay serving any defendant and file an amended complaint. I will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 8.

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

---

[1] As a pre-trial detainee, plaintiff's medical deliberate indifference claim falls under the Fourteenth Amendment rather than the Eighth Amendment.

However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Analysis

As noted above, plaintiff alleges that Dr. Son refused, without justification, to provide him with a prescription medication. ECF No. 1 at 3. This medication was necessary to treat plaintiff's drug addiction, and plaintiff succeeded in obtaining the medication only after going on a hunger strike and having his attorney intervene. *Id.* This claim against Dr. Son is, for screening purposes, viable to proceed. By contrast, plaintiff has failed to make any specific allegations against defendant Martin. He has not, for instance, alleged that Martin was made aware of Dr. Son's refusal to provide the medication or that the captain was otherwise involved in plaintiff's medical care. And, as to the sheriff's department, liability for an entity of municipal or local government requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." *Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007). Plaintiff has failed to allege that Dr. Son's refusal to provide the medication stemmed from a policy, custom, or practice of the department.

Plaintiff may either proceed only with the cognizable claim identified above or he may delay service and file an amended complaint. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must either advise that he wishes to proceed only with his Fourteenth Amendment deliberate indifference to medical needs claim against Dr. Son or delay service and file an amended complaint.

2. Failure to comply with this order may result in the dismissal of this action.

3. The Clerk of Court is directed to send plaintiff a complaint form.

4. Plaintiff's application to proceed *in forma pauperis*, ECF No. 8, is GRANTED.

IT IS SO ORDERED.

Dated:   March 3, 2023                           _____
                                                  JEREMY D. PETERSON
                                                  UNITED STATES MAGISTRATE JUDGE